ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-11218-MW |
| US DIRECT, LLC, | Chapter 7 |
| Debtor. | Adv. No. |
| | **COMPLAINT TO AVOID AND RECOVER VOIDABLE TRANSFERS** |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | |
| Plaintiff, | Hon. Mark S. Wallace |
| v. | |
| TESLA FINANCE, LLC, a Delaware limited liability company, TESLA, INC., a Delaware corporation, and DOES 1-10, Inclusive, | |
| Defendants. | |

1410389v1

COMPLAINT

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Plaintiff Jeffrey I. Golden ("Trustee") is the Chapter 7 trustee for the estate ("Estate") of US Direct, LLC (the "Debtor"), and brings this adversary proceeding in that capacity. As the Trustee was not appointed until after the filing of the Debtor's involuntary bankruptcy petition, the Trustee does not have personal knowledge of certain facts alleged in this Complaint and therefore alleges such facts on information and belief.

## JURISDICTION AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 7 case of the Debtor, currently pending in the Court as Case No. 8:19-bk-11218-MW (the "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it will impact the disposition of property of the Estate and the amount of money available for distribution to creditors. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court. The defendants hereby are notified that Fed. R. Bankr. P. 7012(b) requires each of the defendants to plead whether the claims for relief alleged against the defendants are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Bankruptcy Case is pending in this district and division. This Court also has personal jurisdiction over the defendants.

## PARTIES

3. Plaintiff Trustee is the duly-appointed Chapter 7 trustee for the Debtor's Estate.

4. Defendant Tesla, Inc. ("Tesla"), is a Delaware corporation with corporate headquarters in Palo Alto, California.

5. Defendant Tesla Finance, LLC ("Tesla Finance") is a Delaware limited liability company with corporate headquarters in Palo Alto, California. Tesla Finance is the finance arm of

1410389v1

2

COMPLAINT

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Tesla.

6. The Trustee is not aware of the true names and capacities (whether individual, associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore sues said defendants, and each of them, by such fictitious names. The Trustee will amend this Complaint to include their true names and capacities, if and when ascertained, together with appropriate charging allegations.

7. Each of the Doe defendants is an immediate or mediate transferee of the transfers alleged in this Complaint, or of the proceeds of such transfers, and did not take such transfers for value, in good faith, and without knowledge of the voidability of such transfers.

**GENERAL ALLEGATIONS**

8. The Debtor is a California limited liability company formed in April 2016. Prior to its bankruptcy, the Debtor was a direct mail and marketing business. The Debtor's headquarters, prior to its shutdown, were located 1700 Barranca Parkway, Irvine, CA 92606. For a brief period of time, the Debtor also had two more business locations in Illinois and New Jersey.

9. Brian Hauck was the Debtor's sole member and Chief Executive Officer. Derek Doherty was the Debtor's President. Although Doherty and Hauck ran the Debtor's business as a partnership and exerted control over the Debtor's operational and financial affairs as such, Doherty could not retain an ownership interest in the Debtor because of the terms of his probation stemming from a prior federal conviction for mail fraud.

10. Although the Debtor's business generated substantial revenues, its profit margins were thin or nonexistent. As its business grew, the Debtor increasingly found itself unable to pay its debts as they became due. To address its increasing cash shortfalls, the Debtor engaged in a pattern of (i) paying certain of its vendors only fractions of the total amounts due, (ii) delaying for several months in making payments to those vendors and/or other vendors, and (iii) ceasing paying certain vendors altogether (while seeking to replace such vendors with new vendors).

11. As early as one year prior to the Petition Date, the Debtor had stopped paying certain vendors altogether while continuing to take advantage of those vendors' services. When the vendors ceased providing services to the Debtor, the Debtor replaced them with new and

unsuspecting vendors. After several months, the Debtor ceased paying those vendors as well.

12. The Debtor also induced its customers to make advance payments on work orders and, without informing the customers, repeatedly failed to fulfill such orders. Unfulfilled work orders of this sort aggregated hundreds of thousands of dollars.

13. At the same time that the Debtor was failing to pay its vendors and failing to fulfill its customers' orders, Doherty caused the Debtor to disburse a substantial amount of the Debtor's funds to bankroll Doherty's own lifestyle. Such expenses include, for example: (i) paying for a Tesla motor vehicle for Doherty's personal use; (ii) paying for shopping sprees at Nordstrom and other retail stores; (iii) paying the monthly rent (nearly $8,000 per month) for Doherty's personal residence; (iv) paying the personal credit cards of Doherty and his spouse, all of which were used solely for personal expenses; and (v) paying for Doherty's investment in a startup company called Tailmaters, LLC (to develop a smartphone application called "BidMo"), which company bore no relation to the Debtor or its business. In total, Doherty caused the Debtor to expend millions of dollars for Doherty's personal benefit.

14. Doherty's use of the Debtor's funds to bankroll his personal expenses – none of which provided any benefit to the Debtor or its creditors – served to further exacerbate the Debtor's financial situation and resulted in the Debtor continuing to fail to pay its vendors and fulfill its customers' orders.

15. On April 1, 2019 (the "Petition Date"), one of the Debtor's vendors, Future Logistics, Inc. filed an involuntary Chapter 7 petition against the Debtor. By that time, the Debtor had incurred millions of dollars in unpaid vendor invoices and had given bad checks totaling over $1.1 million to the United States Postal Service.

16. Among the payments that Doherty caused the Debtor to make for purposes unrelated to the Debtor or its business, are **$40,522.46** in payments to Tesla Finance listed on the attached **Exhibit 1**, which includes a schedule of all checks and ACH debits made payable to and deposited by Tesla Finance. The payments to Tesla Finance were for Doherty's personal Tesla automobile. Neither Tesla nor Tesla Finance was a creditor of the Debtor and neither bore any relationship to the Debtor or its business. All payments that Doherty caused the Debtor to make to

Tesla Finance were for the sole benefit of Doherty, not for the benefit of the Debtor or its creditors.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants, to Avoid Transfers under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and 3439.07)**

17. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 16 above, as if set forth fully herein.

18. During the four-year period immediately preceding the Petition Date, the Debtor made numerous transfers of its money to Tesla Finance. Such transfers are referred to herein as the "4-Year Transfers." **Exhibit 1** and paragraph 16 identifies the currently known money transfers made by the Debtor to Tesla Finance during this period that are part of the 4-Year Transfers. At this time, the Trustee lacks sufficient information to specify the total amount of money that makes up the totality of the 4-Year Transfers. The Trustee will seek leave to amend this Complaint when he has additional information concerning the money and other property that the Debtor transferred to Tesla Finance.

19. The 4-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud its creditors. Specifically, Doherty caused the Debtor to make these transfers to Tesla Finance to fund his personal lifestyle and not to sustain or promote the business of the Debtor, even though he knew or consciously or recklessly chose to ignore facts known to him that strongly suggested that the Debtor was undercapitalized, insolvent and unable to pay its debts as they became due in the ordinary course of business.

20. Tesla Finance did not provide the Debtor with reasonably equivalent value for the 4-Year Transfers and did not take such transfers in good faith. Specifically, Tesla Finance (i) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that it was being paid by the Debtor because the transfers clearly were identified as originating with that entity; (ii) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that the consideration, if any, that Tesla Finance provided in exchange for those payments were not for the Debtor but rather were for the personal benefit of Doherty; and (iii)

knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that the consideration, if any, that Tesla Finance provided for such payments conferred no or less than substantially equivalent value upon the Debtor.

21. At all relevant times, the 4-Year Transfers were voidable under Cal. Civ. Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, Mystic Logistics, LLC, Pitney Bowes Presort Services, LLC, Paper 360, Inc., and Cenveo, Inc.

22. By reason of the foregoing, under 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a) and 3439.07, the Trustee may avoid the 4-Year Transfers.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants, to Avoid Transfers under 11 U.S.C. §§ 544(b) and 550(a) and Cal. Civ. Code §§ 3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07)**

23. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 22 above, as if set forth fully herein.

24. At all relevant times within the four years immediately preceding the Petition Date, the Debtor (i) was insolvent, or became insolvent as a result of each such transfer; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

25. At all relevant times, the 4-Year Transfers were voidable under Cal. Civ. Code §§ 3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, Mystic Logistics, LLC, Pitney Bowes Presort Services, LLC, Paper 360, Inc., and Cenveo, Inc.

26. By reason of the foregoing, under 11 U.S.C. § 544(b) and Cal. Civ. Code §§

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07, the Trustee may avoid the 4-Year Transfers.

## THIRD CLAIM FOR RELIEF

**(Against All Defendants, to Avoid and Recover Intentionally Fraudulent Transfers under 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

27. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 26 above, as if set forth fully herein.

28. During the two-year period immediately preceding the Petition Date, the Debtor made transfers of money to Tesla Finance. Such transfers are referred to herein as the "2-Year Transfers." **Exhibit 1** and paragraph 16 identifies the currently known money transfers made by the Debtor to Tesla Finance during this period that are part of the 2-Year Transfers. At this time, the Trustee lacks sufficient information to specify the total amount of money that makes up the totality of the 2-Year Transfers. The Trustee will seek leave to amend this Complaint when he has additional information concerning the money that the Debtor transferred to Tesla Finance.

29. The 2-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud its creditors. Specifically, Doherty caused the Debtor to make these transfers to Tesla Finance to fund his personal lifestyle and not to sustain or promote the business of the Debtor, even though he knew or consciously or recklessly chose to ignore facts known to him that strongly suggested that the Debtor was undercapitalized, insolvent and unable to pay its debts as they became due in the ordinary course of business.

30. Tesla Finance did not provide the Debtor with reasonably equivalent value for the 2-Year Transfers and did not take such transfers in good faith. Specifically, Tesla Finance (i) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that it was being paid by the Debtor because the transfers clearly were identified as originating with that entity; (ii) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that the consideration, if any, that Tesla Finance provided in exchange for those payments were not for the Debtor but rather were for the personal benefit of Doherty; and (iii) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested the consideration, if any, that Tesla Finance provided for such payments conferred no or less than

1 substantially equivalent value upon the Debtor.

2     31.    By reason of the foregoing, under 11 U.S.C. § 548(a)(1)(A), the Trustee may avoid
3 the 2-Year Transfers.

## FOURTH CLAIM FOR RELIEF

**(Against All Defendants, to Avoid and Recover Constructively Fraudulent Transfers under 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

32. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 31 above, as if set forth fully herein.

33. Tesla Finance did not provide reasonably equivalent value to the Debtor in exchange for the 2-Year Transfers.

34. At all relevant times within the two years prior to the Petition Date, the Debtor (i) was insolvent, or became insolvent as a result of each such transfers; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

35. By reason of the foregoing, under 11 U.S.C. § 548(a)(1)(B), the Trustee may avoid the 2-Year Transfers.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants, to Avoid Unauthorized Post-Petition Transfers Under 11 U.S.C. § 549)**

36. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 35 above, as if set forth fully herein.

37. Following the Petition Date, but before entry of the Court's order for relief, the Debtor made transfers of money to Tesla Finance. Such transfers are referred to herein as the "Post-Petition Transfers." **Exhibit 1** and paragraph 16 identifies the currently known money transfers made by the Debtor to Tesla Finance during this period that are part of the Post-Petition Transfers. At this time, the Trustee lacks sufficient information to specify the total amount of money that makes up the totality of the Post-Petition Transfers. The Trustee will seek leave to

1 amend this Complaint when he has additional information concerning the money that the Debtor transferred to Tesla Finance.

38. The Post-Petition Transfers were not authorized by an order of the Court or by statute. In fact, because the Post-Petition Transfers by the Debtor to Tesla Finance provided no benefit to the Debtor, its creditors, or its Estate, and were made solely for the personal benefit of Doherty, it is highly unlikely that the Court would have authorized the making of such transfers had the Debtor sought such authorization.

39. By reason of the foregoing, under 11 U.S.C. § 549, the Trustee may avoid the Post-Petition Transfers to Tesla Finance.

## SIXTH CLAIM FOR RELIEF

**(Against All Defendants, to Recover Avoidable Transfers under 11 U.S.C. § 550(a))**

40. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 39 above, as if set forth fully herein.

41. To the extent that the defendants are not the initial transferees of the transfers referred to in this Complaint, such defendants are immediate or mediate transferees of the initial transferee of such payments.

42. To the extent that the defendants, named and unnamed, are immediate or mediate transferees of the initial transferee of the transfers referred to in this Complaint, such defendants did not take such transfers for value and/or in good faith and/or without knowledge of the avoidability of such transfers.

43. Each of the transfers referred to in this claim for relief is recoverable from such defendants as an immediate or mediate transferee of the transfers made by the Debtor to the initial transferees thereof.

**WHEREFORE**, the Trustee, on behalf of the Estate, prays for judgment against the defendants, and each of them, as follows:

1. On the first claim for relief, for a judgment against the defendants that (i) avoids the 4-Year Transfers from the Debtor to or for the benefit of the defendants, (ii) imposes a constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii) requires the

defendants to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

2.    On the second claim for relief, for a judgment against the defendants that (i) avoids the 4-Year Transfers from the Debtor to or for the benefit of the defendants, (ii) imposes a constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii) requires the defendants to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

3.    On the third claim for relief, for a judgment against the defendants that (i) avoids the 2-Year Transfers from the Debtor to or for the benefit of the defendants, and (ii) requires the defendants to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

4.    On the fourth claim for relief, for a judgment against the defendants that (i) avoids the 2-Year Transfers from the Debtor to or for the benefit of the defendants, and (ii) requires the defendants to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

5.    On the fifth claim for relief, for a judgment against the defendants that (i) avoids the Post-Petition Transfers from the Debtor to or for the benefit of the defendants, and (ii) requires the defendants to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

6.    On the sixth claim for relief, for a judgment against all defendants that requires them to return to the Trustee, for the benefit of the Estate, all transfers avoided by this Complaint;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7. For interest at the legal rate on all damages or sums awarded to the Trustee, for the benefit of the Estate; and

8. For such other relief as the Court deems just and proper.

DATED: May 14, 2020          ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /s/ Roye Zur
ROYE ZUR
Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

# EXHIBIT 1

**In re US Direct, LLC**
Case No. 8:19-bk-11218-MW

**Transfers to Tesla Finance**

| **Transferee** | **Payment Type** | **Date** | **Amount** | **Source** |
|---|---|---|---|---|
| Tesla Finance | Check | 3/21/2017 | $ 1,557.19 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | ACH Debit | 5/3/2017 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | ACH Debit | 7/14/2017 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | ACH Debit | 8/31/2017 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | ACH Debit | 11/14/2017 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | Check | 1/12/2018 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | Check | 3/27/2018 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | Check | 5/18/2018 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | Check | 6/22/2018 | $ 1,557.19 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | Check | 8/22/2018 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| Tesla Finance | ACH Debit | 12/4/2018 | $ 4,819.09 | Bank of America (-4362) |
| Tesla Finance | ACH Debit | 1/23/2019 | $ 3,114.38 | Bank of America (-4362) |
| Tesla Finance | ACH Debit | 4/11/2019 | $ 1,445.19 | Pacific Mercantile Bank (-4875) |
| Tesla Finance | ACH Debit | 5/17/2019 | $ 3,114.38 | Farmers & Merchants Bank (-4383) |
| | | **TOTAL:** | **$ 40,522.46** | |